# IN THE UNITED STATES DISTRICT COURT
# FOR THE OF PUERTO RICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| Plaintiff, | : | Civil No. 14-1637 |
| v. | : | 8:14-mc-00087 |
| **NORTH AMERICA INVESTMENT CORPORATION** | : | |
| Defendant. | : | |

## CONSENT ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction and the appointment of the SBA as Permanent Receiver for North America Investment Corporation. ("NAIC"). The Court, being fully advised as to the merits, orders that the following relief is granted.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of NAIC and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of NAIC to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of NAIC's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers and directors of NAIC under applicable state and federal law and by the Articles of Incorporation and By-Laws of said corporation, in addition to all powers and authority

1854850-v.2

conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The directors, officers, employees, and agents of NAIC are hereby dismissed. Such persons shall have no authority with respect to NAIC's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of NAIC and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of NAIC, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. NAIC shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of NAIC as well as the names, addresses and amounts of claims of all known creditors of NAIC. All persons having control, custody or possession of any assets or property of NAIC, including its officers and directors, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, employees, creditors, debtors and agents of NAIC. All persons and entities owing any obligations or debts to NAIC shall, until further order of this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if NAIC had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of NAIC, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to

expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver and the receivership estate.

6. NAIC's past and/or present officers, directors, agents, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to NAIC. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of NAIC or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to NAIC, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever

located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (1) NAIC and/or or (2) any assets of NAIC, and/or (3) NAIC or its present or past officers, directors, or the Receiver, sued for, or in connection with, any action taken by NAIC's officers and, directors acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of NAIC, are hereby stayed from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (1) NAIC and/or or (2) any assets of NAIC, and/or (3) NAIC or its present or past officers, directors, or the Receiver, sued for, or in connection with, any action taken by NAIC's officers and, directors acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of NAIC, are hereby enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

9. Further, as to a cause of action accrued or accruing in favor of NAIC against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. NAIC and its past and/or present directors, officers, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of NAIC to the detriment of the Receiver appointed in this cause,

4

including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

11. The Receiver is authorized to borrow on behalf of NAIC, from the SBA, up to $1,000,000, and is authorized to cause NAIC to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of NAIC, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of shareholders of NAIC.

12. This Court determines and adjudicates that NAIC has violated 13 C.F.R. § 107.1830(b) and 13 C.F.R. § 107.507(a) of the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend that NAIC's license as an SBIC be revoked.

13. Judgment is hereby entered in favor of SBA and against NAIC in the amount of $1,250,000 plus earned dividends, at the post judgment interest rate which shall accrue from the date of judgment.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2014.

/s Jay A. Garcia-Gregory

**UNITED STATES DISTRICT JUDGE**

# Luz Carpenter

| | |
|---|---|
| **From:** | prd_docketing@prd.uscourts.gov |
| **Sent:** | Tuesday, November 04, 2014 9:52 AM |
| **To:** | prd_docketing@prd.uscourts.gov |
| **Subject:** | Activity in Case 3:14-cv-01637-JAG United States of America v. North America Investment Corportation Order on Motion for Entry of Default |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## United States District Court

## District of Puerto Rico

## Notice of Electronic Filing

The following transaction was entered on 11/4/2014 at 10:52 AM AST and filed on 11/4/2014
**Case Name:** United States of America v. North America Investment Corportation
**Case Number:** 3:14-cv-01637-JAG
**Filer:**
**Document Number:** 11(No document attached)

Docket Text:
**ORDER granting [9] Motion for Entry of Default. Defendant North America Investment Corporation is hereby found in default. Motion for Default Judgment, with proposed text of judgment concerning injunctive relief and appointment of receiver, is due by 12/4/2014. Signed by Judge Jay A. Garcia-Gregory on 11/4/2014. (CLM)**

**3:14-cv-01637-JAG Notice has been electronically mailed to:**

Agnes I. Cordero    agnes.cordero@usdoj.gov, civil.ecfpr@usdoj.gov, leonel.albizu@usdoj.gov

Arlene M. Embrey    arlene.embrey@sba.gov

**3:14-cv-01637-JAG Notice has been delivered by other means to:**

1